IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 0 1 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DAQUAN BALLINGER,

Defendant.

08-CR-156 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 5, 2008, Daquan Ballinger pled guilty to a single-count indictment, which charged that on January 10, 2008, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, he possessed a Hi-Point .40 caliber semi-automatic pistol, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Ballinger was sentenced on April 3, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be seventeen and defendant's criminal history category to be three, yielding a guidelines range of imprisonment of between thirty and thirty-seven months. The offense carried a maximum term of imprisonment of ten years. 18 U.S.C. § 924(a)(2). The guidelines range of fine was from $5,000 to $50,000.

Ballinger was sentenced to thirty months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because it involved carrying an illegal firearm that placed the defendant and those around him in considerable danger. Ballinger lacked a father figure as a young person because his father was killed in a shooting many years ago. He is young and intelligent; he has the potential to live a productive, law-abiding life. He should benefit from educational and vocational training he receives while in prison and following his release. He is presently in a supportive relationship and has the responsibility of raising his young son. A sentence at the bottom of the guidelines range reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that possession of dangerous and illegal firearms will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. Ballinger's family support and responsibilities should contribute to his avoiding future criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: April 21, 2009
Brooklyn, New York

3